PISTONER v. AMERICAN CAN CO.

(Circuit Court, E. D. Pennsylvania. December 11, 1902.)

No. 60.

1. MASTER AND SERVANT—FELLOW SERVANTS.

A foreman of a workroom in a factory is not, by reason of such employment, a vice principal and representative of the employing corporation with respect to other workmen in such room.

At Law. On motion for new trial.

H. J. Rebman, Glenn C. Mead, and J. G. Gordon, for plaintiff.
R. C. Dale, for defendant.

DALLAS, Circuit Judge. Two grounds are urged in support of the plaintiff's motion for a new trial, which should not be confounded, but be separately considered. It is contended, first, that a certain John Markowitz was not a fellow servant of the plaintiff, but was a vice principal; and, second, that the injury suffered by the plaintiff resulted from the failure of the defendant to maintain reasonably safe machinery for use by the plaintiff.

1. Upon the first of these questions I am still of the opinion which I entertained upon the trial. I think the court would not have been justified in holding that Markowitz, by reason of his employment as foreman of the room in which the accident occurred, was to be regarded as representative of the defendant company itself.

2. The duty which the defendant owed to the plaintiff, to exercise such care as an ordinarily prudent man would exercise to keep its machinery in safe condition, imposed a responsibility which it could not shift to Markowitz or to any one. The obligation was absolute. Had it been fulfilled? This question was submitted to the jury, and, in my opinion, its submission, and the jury's finding upon it, were both correct.

The motion for a new trial is denied.

¶ 1. Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Canadian Pac. Ry. Co. v. Johnson, 9 C. C. A. 596; Flippen v. Kimball, 31 C. C. A. 286.
See Master and Servant, vol. 34, Cent. Dig. § 427.